IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONDELL DAVIDSON,** : | | |
|   **Plaintiff** : | | |
| : | No. 1:22-cv-00746 | |
|   v. : | | |
| : | (Judge Kane) | |
| **UNITED STATES OF** : | | |
| **AMERICA, et al.,** : | | |
|   **Defendants** : | | |

**MEMORANDUM**

Pending before the Court is Defendant United States of America ("United States")'s motion to dismiss the complaint and/or motion for summary judgment filed pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure. (Doc. No. 17.) For the reasons set forth below, the Court will grant the motion and dismiss this action against the United States for lack of jurisdiction. The Court will also direct pro se Plaintiff Dondell Davidson ("Plaintiff") to provide additional information regarding Defendant Dr. David J. Ball ("Ball"), the only remaining Defendant in this action.

**I.    BACKGROUND**

   **A.    Procedural Background**

Plaintiff, a federal prisoner in the custody of the Federal Bureau of Prisons ("BOP"), is currently incarcerated at the Federal Medical Center in Butner, North Carolina. (Doc. No. 20.) On May 20, 2022, he commenced the above-captioned action by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens"). (Doc. No. 1 at 1.) Named as Defendants are the United States and Ball. (Id. at 1, 2–3.)

In his complaint, Plaintiff alleges that, on April 2, 2020, while he was incarcerated at Federal Correctional Institution Allenwood Medium in White Deer Pennsylvania, he slipped and

fell in the shower. (Id. at 4.) Plaintiff asserts that he was not able to see medical staff until fourteen (14) hours after the incident. (Id.) An x-ray showed that he had broken his right ankle in two (2) places. (Id.) Plaintiff alleges that, approximately two (2) weeks later, on April 17, 2020, he had surgery on his ankle. (Id.) Ball, an "outside contractor" at Geisinger Hospital, performed the surgery. (Id.) Plaintiff claims, however, that he was required to undergo three (3) additional operations "because the bolt kept getting loose." (Id. (alleging that his right ankle is permanently deformed and is the size of a baseball).) As for relief, Plaintiff seeks one-and-a-half million dollars ($1,500,000). (Id. at 5.)

In addition to his complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis, as well as his prisoner trust fund account statement. (Doc. Nos. 4, 6.) On June 22, 2022, the Court granted Plaintiff leave to proceed in forma pauperis, deemed his complaint filed, and directed the Clerk of Court to issue a summons with a copy of Plaintiff's complaint to the United States Marshal for service upon the United States pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure. (Doc. No. 7.) In addition, the Court directed the Clerk of Court to serve a copy of the complaint on Ball pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. (Id.) In the interest of efficient administrative judicial economy, the Court requested that Ball waive service. (Id.)

On July 11, 2022, the United States was served, and the summons was returned executed the following day. (Doc. No. 10.) Subsequently, on August 10, 2022, Ball's waiver of service was filed with the Court. (Doc. No. 14.) The United States has since explained to the Court, however, that "BOP agency counsel incorrectly waived service for Dr. Ball[.]" (Doc. No. 19 at 1 n.1 (stating that, because Ball is an independent contractor of the BOP, and not a federal BOP

employee, the United States' Attorney's Office does not represent him).)[1] In light of this new information, the Court will direct Plaintiff to provide additional information regarding Ball, including an accurate mailing address.

On July 27, 2022, the United States filed and served on Plaintiff its notice of its intention to move for dismissal of his medical negligence claims based upon his failure to file a certificate of merit. (Doc. No. 12.) On August 8, 2022, Plaintiff responded to the United States' notice, by asserting his intent to proceed under a theory of ordinary negligence because, Plaintiff contends, no medical expert testimony is necessary for the prosecution of his claims. (Doc. No. 13.)

Thereafter, on September 26, 2022, the United States filed a motion to dismiss and/or motion for summary judgment pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure. (Doc. No. 17.) The United States subsequently filed a statement of material facts and supporting brief. (Doc. Nos. 18, 19.) As reflected by the Court's docket, Plaintiff has not filed a responsive statement of material facts or a brief in opposition to the United States' motion, and the time period for doing so has passed. Thus, the United States' motion is ripe for the Court's resolution.

  **B.**  **Factual Background**

In accordance with the Court's Local Rules, the United States has filed a statement of material facts in support of its motion for summary judgment. (Doc. No. 18.) Plaintiff did not file his own statement of material facts, responding to the numbered paragraphs set forth in the United States' statement. Thus, under the Court's Local Rules, the United States' facts are deemed admitted since:

---

[1] The United States has explained this by way of a footnote in their brief in support of their pending motion to dismiss and/or motion for summary judgment. (Doc. No. 19 at 1. n.1.)

> A failure to file a counter-statement equates to an admission of all the facts set forth in the movant's statement. This Local Rule serves several purposes. First, it is designed to aid the Court in its determination of whether any genuine issue of material fact is in dispute. Second, it affixes the burden imposed by Federal Rule of Civil Procedure 56(e), as recognized in Celotex Corp. v. Catrett, on the nonmoving party 'to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designated specific facts showing that there is a genuine issue for trial.' 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations omitted) (emphasis added).

See Williams v. Gavins, No. 1:13-cv-0387, 2015 WL 65080, at *5 (M.D. Pa. Jan. 5, 2015), aff'd sub nom. Williams v. Gavin, 640 F. App'x 152 (3d Cir. 2016) (unpublished) (emphasis in original) (citation omitted). In fact, the United States advised Plaintiff in its statement of material facts that, "pursuant to Local Rule 56.1, all facts set forth in [its] statement [would] be deemed admitted unless controverted by [Plaintiff] with references to the record supporting his position." (Doc. No. 18 at 1.) Accordingly, the material facts in this Memorandum are derived from the United States' statement of material facts.[2]

To accommodate the particularized medical needs of its inmates as necessary, the BOP uses comprehensive medical contracting companies to obtain the services of specialized physicians and medical providers. (Doc. No. 18 at 1, ¶ 1.) Federal Correctional Complex Allenwood has specifically contracted with Seven Corners Correctional Health ("SCCH") to obtain these comprehensive medical services.[3] (Id. at 2, ¶ 2.) Ball was a contracted physician with SCCH. (Id. ¶ 3.) The BOP, in turn, contracted with SCCH. (Id. ¶ 4.) The BOP did not, however, employ or directly contract Ball for his services. (Id. ¶ 5.) In addition, the BOP had no direction, control, or supervision over Ball's medical treatment of Plaintiff. (Id. ¶ 6.)

---

[2] That being said, the Court has conducted a thorough and impartial review of the record in this matter in connection with its resolution of the pending motion.

[3] Federal Correctional Institution Allenwood Medium, the institution at which Plaintiff was incarcerated during the period of time relevant to his claims, is part of Federal Correctional Complex Allenwood. (Doc. No. 18-1 at 2, ¶ 1.)

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1) of the Federal Rules of Civil Procedure

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). "A court ruling on a facial attack considers only the complaint, viewing it in the light most favorable to the plaintiff." Long v. SEPTA, 903 F.3d 312, 320 (3d Cir. 2018) (citation omitted). However, a court ruling on a factual attack, wherein the defendant contests the truth of the jurisdictional allegations, "is a different matter: the court need not treat the allegations as true[.]" See id. (citations omitted).

"In reviewing a factual attack, the court may consider evidence outside the pleadings." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted). Indeed, "[b]ecause at issue in a factual 12(b)(1) motion is the trial court's . . . very power to hear the case[,] there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In other words, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." See id.

### B.     Rule 56 of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 56(a) requires the Court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. See id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1287–88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the Court must view the facts and all reasonable inferences in favor of the nonmoving party. See Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party is required to go beyond his pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise to a genuine issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case that it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

As noted supra, when determining whether an issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. See White, 862 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. See id. (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." See L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se parties "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants").

**III.   DISCUSSION**

The Court treats Plaintiff's complaint as asserting the following claims: an FTCA claim for state-law negligence against the United States; and Bivens and state-law negligence claims against Ball. (Doc. No. 1.) However, because "BOP agency counsel incorrectly waived service for Dr. Ball[,]" (Doc. No. 19 at 1 n.1), and because the Court will direct Plaintiff to provide the Court with additional information concerning Ball, the Court's discussion infra will focus solely on the United States and the arguments that it has made in connection with its pending motion. That said, the Court begins its discussion with an overview of the FTCA.

"'In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees' acting within the scope of their

employment." Brownback v. King, 141 S. Ct. 740, 746 (2021) (quoting FDIC v. Meyer, 510 U.S. 471, 475–76 (1994)). Federal courts have jurisdiction over these tort claims if a plaintiff plausibly alleges the following six (6) elements of 28 U.S.C. § 1346(b):

> "'[1] [a claim] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"

See id. (emphasis and some alterations added) (quoting Meyer, 510 U.S. at 477) (quoting 28 U.S.C. § 1346(b)).

As a result, the United States is not liable under the FTCA unless the alleged wrongdoer is an "employee of the Government[.]" See id.; United States v. Orleans, 425 U.S. 807, 813–14 (1976). A Government employee, in turn, includes an officer and employee of any federal agency, but excludes "any contractor with the United States." See 28 U.S.C. § 2671.[4] This is

---

[4] 28 U.S.C. § 2671 provides, in full, as follows:

> As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.
>
> "Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.
>
> "Acting within the scope of his office or employment", in the case of a member of the military or naval forces of the United States or a member of the National Guard as defined in section 101(3) of title 32, means acting in line of duty.

more commonly referred to as the "independent contractor exception[.]" See Orleans, 425 U.S. at 814. As explained by the United States Supreme Court, "[a] critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" See id. (quoting Logue v. United States, 412 U.S. 521, 528 (1973)).

The Court, having reviewed the allegations in Plaintiff's complaint, and the summary judgment record in this matter, concludes that the United States cannot be held liable for any negligence attributable to Ball because he is an independent contractor of the BOP. Indeed, Plaintiff's complaint refers to Ball as an "outside contractor" at Geisinger Hospital. (Doc. No. 1 at 4.) In addition, the undisputed material facts reveal that: (a) Ball was a contracted physician with SCCH; (b) although the BOP contracted with SCCH, it did not employ or directly contract Ball for his medical services; and (c) the BOP had no direction, control, or supervision over Ball's surgeries or medical treatment. (Doc. No. 18.) In other words, the Court finds that there are neither allegations in the complaint nor evidence in the summary judgment record upon which it could infer that the United States directed, controlled, or supervised "the detailed physical performance" of the surgeries that Ball performed on Plaintiff's ankle or any other medical treatment that he provided to Plaintiff. See Orleans, 425 U.S. at 814 (citation and internal quotation makes omitted).

Accordingly, for all of these reasons, the Court concludes that it lacks jurisdiction over Plaintiff's FTCA claim for state-law negligence against the United States by virtue of the independent contractor exception. As a result, the Court will grant the United States' motion to dismiss and/or motion for summary judgment on this basis. See Norman v. United States, 111

---

See 28 U.S.C. § 2671.

9

F.3d 356, 357–58 (3d Cir. 1997) (affirming the district court's dismissal of an FTCA claim for lack of subject matter jurisdiction where the alleged conduct fell within the FTCA's independent contractor exception); Moreno v. United States, 387 F. App'x 159, 159–60 (3d Cir. 2010) (unpublished) (concluding that the contract physicians who performed surgery on the federal prisoner-plaintiff were not employees of the Government and, thus, the United States was not liable under the FTCA for their actions); see also Jackson v. Liberty Mut. Ins. Co., 282 F. App'x 150, 151 (3d Cir. 2008) (unpublished) (explaining that "the United States is not liable for injuries caused by the negligence of its independent contractor . . . " (citing Norman, 111 F.3d 356)).[5]

IV.    **CONCLUSION**

For the foregoing reasons, the Court will grant the United States' motion to dismiss and/or motion for summary judgment filed pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure. (Doc. No. 17.) In addition, the Court will direct Plaintiff to provide additional information regarding Ball, including an accurate mailing address. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[5] In light of this jurisdictional defect, the Court need not address the United States' remaining arguments for dismissal. (Doc. No. 19 at 9–15 (arguing that the complaint fails to state a claim upon which relief can be granted and that Plaintiff's failure to file a certificate of merit is fatal to his medical negligence claims).)