IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONDELL DAVIDSON,** | : | |
| Plaintiff | : | No. 1:22-cv-00746 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

Pro se Plaintiff Dondell Davidson ("Davidson"), who is proceeding in forma pauperis, is pursuing claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), for deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution, as well as a state-law tort claim for professional negligence, against the sole remaining defendant, Dr. David J. Ball ("Dr. Ball"). Davidson has repeatedly failed to provide the Clerk of Court and the United States Marshals with a valid address at which to serve Dr. Ball, despite the Court admonishing him that failing to do so could result in the dismissal of his claims under Rule 4(m) of the Federal Rules of Civil Procedure. In response to the Court's last admonishment, Davidson filed his second motion for appointment of counsel, which is currently pending. For the reasons stated below, the Court will dismiss this action without prejudice under Rule 4(m) for Davidson's failure to submit a valid address to allow for service of process on Dr. Ball. The Court will also deny his motion for appointment of counsel as moot.

I.      **BACKGROUND**

Davidson, a convicted and sentenced federal inmate, commenced this action by filing a complaint against the United States (the "Government") and Dr. Ball, which the Clerk of Court docketed on May 20, 2022. (Doc. No. 1.) At the time he filed his complaint, Davidson was

incarcerated at FCI Allenwood Medium ("FCI Allenwood").[1]  (Id. at 2.)  Davidson brings a professional negligence claim against the Government under the Federal Tort Claims Act ("FTCA") and an Eighth Amendment deliberate-indifference-to-serious-medical-needs claim under Bivens against Dr. Ball, based on events that allegedly occurred while Davidson was incarcerated at FCI Allenwood in April 2020.  (Id. at 1, 4.)

Davidson alleges that he injured his right ankle after falling in the shower on April 2, 2020.  (Id. at 4.)  An x-ray performed on Davidson's right ankle revealed two (2) fractures.  (Id.)  Dr. Ball, an "outside contractor at Geisinger Hospital," conducted surgery on Davidson's right ankle on April 17, 2020.  See (id.).  Davidson avers that he was denied "proper medical treatment" because a "bolt" placed in his ankle during the surgery kept coming loose, which resulted in him having three (3) additional operations on his ankle.  See (id.).  Davidson asserts that these additional operations did not fix his ankle, and it is now permanently deformed and the size of a baseball.  (Id.)  He also suffered a "los[s] of enjoyment."  See (id.).  Given this deformity and the pain he suffered, Davidson claims that he was subjected to "[c]arelessness, [r]ecklessness[,] and [n]egligence," and he seeks $1.5 million in damages against Defendants.  See (id. at 4, 5).

When he filed his complaint, Davidson did not file an application for leave to proceed in forma pauperis or remit the filing fee; however, he later filed an in forma pauperis application ("IFP Application") along with a certified prisoner trust fund account statement on June 3, 2022.  (Doc. Nos. 5, 6.)  Approximately three (3) weeks later, the Court entered an Order which, inter

---

[1] Davidson is currently incarcerated in North Carolina at Federal Correctional Institution Butner Medium II.  See (Doc. No. 24 at 1).  According to the Federal Bureau of Prisons' Inmate Locator (https://www.bop.gov/mobile/find_inmate), Davidson is fifty-eight (58) years old and has an anticipated release date of January 29, 2048.

2

alia, (1) granted the IFP Application, (2) directed the Clerk to serve the summons and complaint on the Government, and (3) directed the Clerk of Court to send a copy of the complaint, notice of lawsuit and request to waive service of summons, waiver of service form, and the Order to Dr. Ball.[2] (Doc. No. 7 at 1–2.)  The Court also requested that Dr. Ball waive service pursuant to Federal Rule of Civil Procedure 4(d) and advised Davidson that:

> If service is unable to be completed due to [his] failure to properly name the Defendants or provide an accurate mailing address for Defendants, [he] will be required to correct this deficiency.  Failure to comply may result in the dismissal of [his] claims against Defendants pursuant to Federal Rule of Civil Procedure 4(m).

See (id. at 2).

A waiver of service form, purportedly on behalf of Dr. Ball, was returned on August 10, 2022.  (Doc. No. 14.)  This form was dated August 4, 2022, and signed by Drew O. Inman from the Department of Justice.  See (id.).  Although Dr. Ball's name was placed on the line for identifying the party waiving service, the waiver form was not signed by Dr. Ball.  (Id.)

The Government filed a notice of intent to move for dismissal of Davidson's FTCA professional negligence claim for his failure to file a certificate of merit on July 27, 2022.  (Doc. No. 12.)  Davidson responded to this submission by filing a notice stating that he did not need a certificate of merit because he was seeking to pursue an ordinary negligence claim on August 8, 2022.  (Doc. No. 13.)  Two (2) weeks later, the Government filed a motion seeking an extension of time to file a response to the complaint.  (Doc. No. 15.)  In this motion, the Government requested that the Court grant an extension because the Department of Justice had not yet authorized representation of Dr. Ball.  (Id. at 2–3.)  The Court granted the extension via an Order issued on September 12, 2022.  (Doc. No. 16.)

---

[2]  Davidson did not provide an address for Dr. Ball in his complaint.  See (Doc. No. 1 at 3).  He also indicated that Dr. Ball was "retired."  See (id.).

3

The Government filed a motion to dismiss or, in the alternative, motion for summary judgment on September 26, 2022, and later filed a statement of facts and supporting brief on October 11, 2022. (Doc. Nos. 17–19.) In its supporting brief, the Government stated the following about Dr. Ball:

> Although [Davidson] asserts his damages result from "Deliberate Indifference and Negligence", (Doc. 1 at 5), Dr. Ball is an independent contractor of the BOP, not a federal employee. Therefore, the United States Attorney's Office does not represent him. BOP agency counsel incorrectly waived service for Dr. Ball, who must receive personal service of the lawsuit. Therefore, this brief is filed only on behalf of the United States with respect to Davidson's FTCA action.

See (Doc. No. 19 at 1 n.1).

On July 24, 2023, this Court issued a Memorandum and Order granting the Government's motion to dismiss, dismissing with prejudice Davidson's FTCA claim against the Government, and directing the Clerk of Court to terminate the Government as a Defendant in this action. (Doc. Nos. 21, 22.) In addition, the Court ordered Davidson, by no later than October 23, 2023, to "provide the Court with additional information regarding . . . [Dr. Ball], including an accurate mailing address." See (Doc. No. 22 at 1). In ordering that Davidson provide additional information about Dr. Ball, the Court explained that:

> [Dr.] Ball's waiver of service was filed with the Court on August 10, 2022. (Doc. No. 14.) The United States has since explained to the Court, however, that agency counsel for the [BOP] "incorrectly waived service for Dr. Ball[.]" (Doc. No. 19 at 1 n.1 (stating that, because [Dr.] Ball is an independent contractor of the BOP, and not a federal BOP employee, the United States' Attorney's Office does not represent him).) In light of this new information, the Court directs [Davidson] to provide additional information regarding [Dr.] Ball.

See (id. at 1 n.1). The Court also admonished Davidson that his "failure to comply with this directive may result in dismissal of [this] action against [Dr.] Ball pursuant to Federal Rule of Civil Procedure 4(m)." See (id. at 1–2).

4

Davidson responded to this Order by separately filing a motion to appoint counsel and a letter in which he advised the Court of his address change and provided a mailing address of 2701 Columbia Blvd., Ste-A, Bloomsburg, PA 17815-8809 (the "Bloomsburg Address") for Dr. Ball on September 11, 2023, and September 19, 2023, respectively. (Doc. Nos. 23, 24.) On October 5, 2023, the Court entered an Order denying without prejudice the motion to appoint counsel, directing the Clerk of Court to update Dr. Ball's address as the Bloomsburg Address, directing the Clerk of Court to send, inter alia, waiver of service forms to Dr. Ball at the Bloomsburg Address, and requesting that Dr. Ball waive service. (Doc. No. 25.) The Court also again warned Davidson that he would have to correct any issues with effecting service and any failure to do so could result in dismissal of his claims against Dr. Ball under Rule 4(m). (Id. at 6.)

An envelope containing the waiver of service documents sent to Dr. Ball at FCI Allenwood was returned to the Clerk of Court as undeliverable on October 17, 2023 (Doc. No. 27); as such, the Court entered an Order on October 20, 2023, directing the Clerk of Court to resend those documents to Dr. Ball at the Bloomsburg Address (Doc. No. 28). The envelope containing these documents was again returned to the Clerk of Court as undeliverable on November 1, 2023. (Doc. No. 30.)

In response to the unsuccessful attempts to send the waiver of service documents to Dr. Ball at the Bloomsburg Address, the Court entered an Order on November 15, 2023, which directed the Clerk of Court to issue a summons for Dr. Ball and requested that the United States Marshals Service serve the complaint, summons, the Court's October 20, 2023 Order, and that Order on Dr. Ball at the Bloomsburg Address. (Doc. No. 31.) Unfortunately, as reflected by the Marshal's Process Receipt and Return, the Deputy Marshals were unable to serve Dr. Ball at the

5

Bloomsburg Address because "[t]he doors were locked and the business looked closed." See (Doc. No. 33). The Deputy Marshals also indicated that they called the business number for the address and the number was disconnected, and they could not locate a forwarding address or other phone number. (Id.)

Having received notice of the Deputy Marshals' unsuccessful attempt to serve Dr. Ball, the Court entered an Order on January 22, 2024, directing Davidson to show cause why the Court should not dismiss his claims against Dr. Ball for the failure to timely serve under Rule 4(m). (Doc. No. 34.) Davidson timely responded to the Order by submitting a letter dated January 30, 2024, which the Clerk of Court docketed on February 12, 2024. (Doc. No. 35.) In this letter, Davidson did not attempt to explain why the Court should not dismiss his claims against Dr. Ball; instead, he provided alternate business addresses and phone numbers for Dr. Ball, including a slightly modified version of the Bloomsburg Address: 2701 Columbia Blvd., #A Box 232, Danville, PA 17821. (Id.)

Four (4) days after receiving Davidson's letter, the Court issued an Order directing the Clerk of Court to send, inter alia, waiver of service documents to Dr. Ball at the modified Bloomsburg Address. (Doc. No. 37.) The Court also informed Davidson that this was the Court's final attempt to effect service on Dr. Ball due to the several prior unsuccessful attempts to serve him. (Id. at 1.) As such, the Court warned Davidson that dismissal of his claims against Dr. Ball was possible if service was again unsuccessful. (Id.)

In addition to addressing the service issue, the Court pointed out in the Order that Davidson had made a passing reference to a request for appointment of counsel in his January 30, 2024 letter. See (id. at 2 (citing Doc. No. 36 at 1)). The Court advised Davidson that if he was requesting the appointment of counsel, he needed to do so by a written motion. (Id.)

Davidson then filed the instant motion seeking the appointment of counsel, which the Clerk of Court docketed on March 25, 2024. (Doc. No. 39.) On the same date, the Clerk of Court docketed a letter from Davidson dated March 4, 2024, titled: "NEW INFORMATION ABOUT DAVID JOSEPH BALL AND THE B.O.P.," in which Davidson, inter alia, provided the address for the location of his first surgery, Geisinger Hospital – Bloomsburg. See (Doc. No. 40). On May 14, 2024, the Clerk of Court docketed the envelope sent to Dr. Ball at the modified Bloomsburg Address, which was returned as undeliverable. (Doc. No. 41.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

See Fed. R. Civ. P. 4(m).

As evidenced by the language in Rule 4(m), a district court must grant an extension of time to serve if a plaintiff shows good cause for the failure to serve. See id. To establish good cause for the failure to serve, the court must consider three (3) factors: "(1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." See Beautyman v. Laurent, 829 F. App'x 581, 583 (3d Cir. 2020) (unpublished) (quoting MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)). In this analysis, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." See MCI Telecomms. Corp., 71 F.3d at 1097.

If a plaintiff fails to show good cause for failing to timely serve a defendant, the district court may dismiss the plaintiff's claim(s) against that defendant without prejudice or exercise discretion to order that service be made within a specific time.  See Petrucelli, 46 F.3d at 1305; see also Walker v. Pa. Dep't of Transp., 812 F. App'x 93, 95 (3d Cir. 2020) (unpublished) (explaining that the plaintiff could "make a showing of good cause, the result of which would be a mandatory extension of time to effect service.  Alternatively, [the plaintiff] could have sought a discretionary extension of time based on the specifics of [their] case" (internal citations omitted)).  When deciding whether to exercise discretion, the Court should "consider whether any other factors warrant extending time even though good cause was not shown."  See Petrucelli, 46 F.3d at 1307.  Such "other factors" include, but are not limited to:

> (1) the timeliness of a motion for extension, Beautyman, 829 F. App'x at 584; (2) the plaintiff's (a) pro se status, Cain v. Abraxas, 209 F. App'x 94, 96 (3d Cir. 2006), (b) familiarity with litigation, Snyder [v. Swanson, 371 F. App'x 285, 287 (3d Cir. 2010)], (c) response after receipt of a document regarding faulty service, id., or (d) repeated failure to provide a correct address, Meade v. Reynolds, [810 F. App'x at 89]; (3) the applicable statute of limitations, Abraxas, 209 F. App'x at 96; (4) the lack of proof of service, Ideen v. Straub, 613 F. App'x 117, 119 (3d Cir. 2015); (5) the "actual notice of the legal action," Chiang v. U.S. SBA, 331 F. App'x 113, 116 (3d Cir. 2009); and (6) the potential "prejudice to the defendant."  Id.  These factors may be balanced against one another.  Id.

Wright v. Elite Revenue Sols., LLC, No. 23-cv-00597, 2025 WL 2642280, at *7 (M.D. Pa. Aug. 25, 2025), report and recommendation adopted sub nom. Wright v. Elite Revenue Sols., LLC, 2025 WL 2638366 (M.D. Pa. Sept. 12, 2025).

### III. DISCUSSION

Davidson's complaint was deemed filed on June 22, 2022 (Doc. No. 7), and service has yet to be effected on Dr. Ball despite more than three (3) years passing since the filing of the complaint.  As such, the Court must determine whether Davidson has shown good cause for the

failure to provide a valid address so that Dr. Ball could be served. If Davidson does not make such a showing, the Court must consider whether a discretionary extension of the time to serve Dr. Ball is warranted.

As to whether he has shown good cause, at no point in this action has Davidson shown good cause for his failure to provide the Clerk of Court or the United States Marshals with a valid mailing address for Dr. Ball. The Court recognizes that because Davidson is proceeding in forma pauperis in this case, the Federal Rules of Civil procedure require the Court to use the United States Marshal to effectuate service of the complaint and summons on Dr. Ball. See Fed. R. Civ. P. 4(c)(3) (providing that "[t]he court must . . . order [that service be made by a United States marshal or deputy marshal or by a persona specially appointed by the court] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915"); Hankins v. Pennsylvania, 526 F. App'x 164, 167 (3d Cir. 2013) (unpublished) (explaining that plaintiff proceeding in forma pauperis is "entitled to rely on the Marshal to achieve service of process." (citing Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990))). In addition, in many instances, "the Marshal's failure to make proper service is 'automatically "good cause" . . . within the meaning of Rule 4(m).'" See House v. Smith, No. 18-cv-04283, 2022 WL 602877, at *4 (E.D. Pa. Feb. 28, 2022) (quoting Goodwin v. LA Weight Loss Ctrs., Inc., No. 99-cv-06339, 2001 WL 34387933, at *1 (E.D. Pa. Oct. 29, 2001))). Yet, in instances where it is the plaintiff's responsibility to provide the Marshals with sufficient information (such as an appropriate address) so they can serve the named defendant, such as in the instant case, there is no automatic finding of good cause. See, e.g., Meade v. Reynolds, 810 F. App'x 86, 87 (3d Cir. 2020) (unpublished) (affirming dismissal of complaint against police officer where plaintiffs failed to provide "sufficient information to enable the Marshals Service to effectuate service of process"

9

despite district court providing plaintiffs with two (2) opportunities to give Marshals the correct address); Maltezos v. Giannakouros, 522 F. App'x 106, 109 (3d Cir. 2013) (unpublished) (concluding that pro se plaintiff failed to establish good cause for the failure to timely serve defendant where plaintiff failed to provide sufficient information for Marshals to effect service insofar as the addresses plaintiff provided were for vacant or closed buildings).

While incarceration undoubtedly creates certain difficulties when litigating a case, simply claiming an inability to locate an address because of incarceration, such as what Davidson has done here, see, e.g., (Doc. No. 24 at 1), is insufficient to show the reasonableness of his efforts to serve. He has failed to provide the Marshals or the Clerk of Court with a valid address for service on Dr. Ball since the Government informed him and the Court that "BOP agency counsel incorrectly waived service for Dr. Ball" in October 2022, see (Doc. No. 19 at 1 n.1), and the Court directed him to provide an accurate mailing address for Dr. Ball on July 24, 2023 (Doc. No. 22 at 1–2). Overall, the Court has directed Davidson to provide a valid mailing address for Dr. Ball five (5) times, and he has never complied with this directive. Davidson has also not described his efforts to locate an address for Dr. Ball, such as whether he contacted his family and friends for assistance, used the law library, or contacted Geisinger Hospital to obtain an address. See, e.g., Pa. R. Civ. P. 430(a), note (identifying "illustration[s] of a good faith effort to locate the defendant" include: "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search" (internal citation omitted)). Therefore, the Court finds that Davidson has not demonstrated that he used reasonable efforts to serve Dr. Ball.

10

The Court also notes that Davidson has not sought an extension of time to serve Dr. Ball. The only extensions granted in this case were discretionary by the Court. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (explaining that Rule 4(m) allows a district court to exercise discretion "to extend time to serve in the absence of good cause" (citing MCI Telecomms. Corp., 71 F.3d at 1098)); see also Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995) (pointing out that Rule 4(m) was adopted after district court dismissed action for failure to timely serve based on a lack of good cause, and remanding action "to the district court to exercise its discretion as to whether the case should be dismissed or an extension of time granted within which service of process can be effected"). Based on the above, the Court does not find good cause for Davidson's failure to provide a valid address so service could be effected on Dr. Ball.[3]

Because Davidson has not shown good cause for his failure to provide sufficient information to allow for service on Dr. Ball, the Court may dismiss Davidson's claims against Dr. Ball or exercise discretion to order that service be made within a specific time. After considering any possible additional factors, the Court finds that a discretionary extension of time to serve Dr. Ball is unwarranted.

While mindful of Davidson's pro se status as well as Pennsylvania's two (2)-year statute of limitations, see 42 Pa. C.S. § 5524 ("The following actions and proceedings must be commenced within two years: . . . (2) An action to recover damages for injuries to the person . . . caused by the wrongful act . . . or negligence of another."), which may prevent Davidson from

---

[3] Although the Court has not specifically mentioned the second factor, i.e., prejudice to Dr. Ball, even if Dr. Ball somehow is not prejudiced by a delay in service to date, the "absence of prejudice [to the defendant] alone can never constitute good cause . . . ." See MCI Telecomms. Corp., 71 F.3d at 1097.

11

refiling his claim against Dr. Ball, the circumstances do not support an extension, including: (1) Davidson having never moved for an extension of time to serve; (2) his lack of action after his failures to provide correct addresses without prompting by this Court; (3) the lack of proof of service on Dr. Ball; (4) the lack of evidence showing that Dr. Ball is actually aware of this action; (5) Davidson's repeated failure to provide a correct address; and (6) the Court's prior discretionary extensions resulting in the lack of service.  On balance, these factors counsel against any further extensions.  Accordingly, the Court will dismiss without prejudice Davidson's claims against Dr. Ball under Rule 4(m).

## IV.     CONCLUSION

For the reasons stated above, the Court will (1) dismiss Davidson's claims against Dr. Ball without prejudice under Rule 4(m), (2) deny Davidson's motion for appointment of counsel as moot, and (3) direct the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania